**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

**TROY SMITH** — **CIV. ACT. NO: 17-CV-3520**

**VERSUS**

**DIVISION: __________**

**ENSCO OFFSHORE COMPANY**

**SECTION:___________**

***************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel comes Plaintiff, Troy Smith, who files this Complaint requesting damages and averring the following:

1.

Made Plaintiff herein is:

a. **Troy Smith**, a person of the full age of majority, who at the time of this accident was domiciled in New Orleans, State of Louisiana;

2.

The following parties are made Defendants herein:

A. **ENSCO OFFSHORE COMPANY,** hereinafter ["ENSCO"], a foreign corporation, whose principal place of business is outside the state of Louisiana;

## JURISDICTION AND VENUE

3.

Venue is proper in the Eastern District of Louisiana pursuant to 28 USC § 1391 because:

a) Defendant, ENSCO, resides in the Eastern District of Louisiana [hereinafter "this district"];

b) Defendant is considered a resident of this district because Defendant has specific minimum contacts within the Eastern District that gave rise to the ultimate incident at issue in this litigation, namely Plaintiff's boarding of Defendant's vessels within this district throughout his employment, and the voyage during which Plaintiff was injured commenced within this district as Defendant transported Plaintiff from this district to begin this work voyage;

c) Defendant is considered a resident of this district because Defendant had substantial minimum contacts within this district that give rise to general personal jurisdiction over Defendant within this jurisdiction, including but not limited to Defendant's regular and continuous docking of vessels and transportation of vessels in and out of Houma, Morgan City, Grand Isle, Fourchon, and other cities within this district.

4.

This action is brought pursuant to the provisions of the United States Statutes, 46 U.S.C. § 688, et seq., more commonly known as the Jones Act, and pursuant to the general maritime law. Jurisdiction for this Court to hear the claims brought under the Jones Act and general maritime law is proper pursuant to the Savings to Suitors Clause, as found in 28 U.S.C. § 1333(1).

## GENERAL ALLEGATIONS

5.

Plaintiff was employed by Defendant, ENSCO, at all times materials to this litigation, as a galley-hand for ENSCO.

6.

Defendant, ENSCO, assigned Plaintiff to work aboard vessels for the entirety of Plaintiff's employment for Defendant.

7.

On or about May 18, 2015 [hereinafter referred to as "the date of this incident"], Plaintiff was employed by Defendant, ENSCO, to work in service of and aboard the vessel ENSO DS9.

8.

Plaintiff was permanently assigned to a fleet of vessels owned and operated by Defendant, including the vessel ENSCO DS9, and that fleet of vessels to which Plaintiff was assigned constitute vessels under the general maritime law and Jones Act. Plaintiff's work was entirely in service of the operations of those vessels.

9.

Plaintiff's work was entirely to assist and work in the operations of and service of the vessel at issue in this litigation.

10.

Prior to May 18, 2015, the lights to the walk-in freezer within the galley of the vessel failed (stated otherwise, the light bulbs were missing inside the freezer). Multiple complaints were made to Defendant that there were missing light bulbs inside the freezer of the galley were in need of repair/replacement. The lighting was so poor inside the freezer, that Defendant

adopted a practice of leaving the freezer door open in an effort to allow light from outside the freezer to provide some light to the inside of the freezer while a person was inside the freezer. As a result, Defendant had actual knowledge of the defective lighting in the freezer of the galley.

11.

Defendant, ENSCO, was the owner and operator of the vessel at issue in this litigation and was entirely responsible for the construction, maintenance, and operations of the vessel at issue in this litigation, including all areas of the galley.

12.

Defendant also overstocked the freezer of the galley beyond the shelving capacity of the freezer in the galley. As a result, goods were loaded by Defendant into the freezer off of shelves and stacked in a manner that impeded the space and movement for those working inside the freezer, thereby presenting a hazard to Plaintiff and others walking in the freezer.

13.

On the date of this incident, Plaintiff was ordered by his superiors to go inside the freezer and retrieve goods from within it. When Plaintiff entered the freezer, he followed Defendant's practice of leaving the freezer door open in order to allow some light to enter the freezer.

14.

On the date of this incident, while inside the freezer, another employee of Defendant closed the freezer door, leaving Plaintiff inside the freezer in complete darkness.

15.

While attempting to exit the freezer in the darkness, the goods that were not stacked on the shelves impeded and otherwise obstructed Plaintiff's exit. As Plaintiff was in darkness, he was unable to avoid the tripping hazard presented by those goods.

16.

Plaintiff tripped over those goods and injured his back and other parts of his body.

17.

Prior to this incident, complaints were made to Defendants concerning the hazards and defects in the lighting of the freezer and the shelving deficiencies in the freezer at issue in this litigation.

18.

Following this incident, Defendants made alterations in order to eliminate the unreasonable risk of harm, or defect, which was present at the time of Plaintiff's injury.

**CAUSE OF ACTION NO. 1 – NEGLIGENCE**

19.

Defendants are liable for the maritime tort of negligence, and pursuant to the Jones Act, for their negligence and the negligence of their employees for the following non-exclusive list of actions:

a) Failure to provide a vessel that was safe and had lighting of proper construction and maintenance;
b) Failure to provide a vessel that had proper lighting and shelving for the purposes of the vessel and in accordance with the expected specifications of the vessel;

c) Failure to maintain, inspect, and otherwise repair the vessel in order to ensure that the vessel was free of defects and unreasonably dangerous conditions such as those to which Plaintiff was exposed at the time of this incident;

d) Failure to take adequate precautions once notified of dangerous and hazardous conditions upon the vessel;

e) Failure to replace the light bulbs to the galley in a timely fashion;

f) Overstocking goods in the freezer without adequate shelving under the circumstances;

g) Failing to properly store the goods within the freezer so as to prevent the impeding and obstruction of walking paths of persons inside the freezer;

h) Failing to have a job safety analysis conducted for the operations taking place at the time of the incident at issue in this litigation;

i) Stacking and storage of boxes in the galley in an unreasonable manner;

j) Adopting a procedure to compensate for the lighting deficiency in the freezer that presented an unreasonable risk of harm to the person inside the freezer;

k) Failing to keep the freezer door open while Plaintiff was inside the freezer, or otherwise failing to check inside the freezer to ensure no one was inside the freezer before closing the freezer door; and

l) Other acts of negligence as may be proven at the trial of this matter.

20.

Defendant, ENSCO, is further liable for negligence pursuant to the Jones Act, as it was the employer of Plaintiff, who was a Jones Act seaman.

21.

The negligent conduct described above, by Defendant, ENSCO, was both the cause-in-fact and legal cause of the injuries to Plaintiff.

**BREACH OF THE WARRANTY OF SEAWORTHINESS**

22.

Defendants, ENSCO, is further strictly liable unto Plaintiff for all damages suffered because the vessel was unseaworthy.

23.

Defendants, ENSCO, owed a warranty to Plaintiff that the vessel was seaworthy.

24.

However, for the reasons described above, the vessel was not seaworthy at the time of Plaintiff's injury.

25.

The vessel at issue in this litigation failed to be seaworthy because of the presence of the defective and unreasonably dangerous conditions that existed in the shelving and storage of goods in the galley as described above. Accordingly, Defendant breached its warranty of seaworthiness.

26.

The vessel at issue in this litigation failed to be seaworthy because of the presence of the defective and unreasonably dangerous conditions that existed in the freezer lighting as described above. Accordingly, Defendant breached its warranty of seaworthiness.

27.

The unseaworthiness of the vessel was both the legal cause and cause-in-fact of the injuries and death that Plaintiff suffered as a result of this incident.

**RESPONDEAT SUPERIOR**

28.

Defendant, ENSCO, is liable pursuant to the maritime doctrine of *respondeat superior* and also pursuant to Louisiana's doctrine of vicarious liability, for all actions on the part of all employees of Defendant, which took place within the course and scope of their employment with Defendant, and which led to the incident at issue in this litigation.

**DAMAGES**

29.

As a result of the incident described above, Plaintiff sustained and/or is entitled to recover from Defendant the following non-exclusive list of damages:

a. Past and future medical expenses of Plaintiff;

b. Pain, suffering, anguish, distress, and all other damages suffered by Plaintiff from the moment of his injury through present and through the time of his death;

c. Past and future lost wages of Plaintiff;

d. Past and future physical pain and suffering;

e. Past and future mental anguish, distress, and suffering;

f. Loss of enjoyment of life;

and

g. Other damages as may be proven at the trial of this matter.

**WHEREFORE**, Plaintiff, Troy Smith, prays that after due proceedings had, that there be judgment in his favor and against Defendant, ENSCO, finding it solidarily liable for the damages claimed herein, together with all costs of these proceedings, judicial interest from date of judicial demand, and all other relief as is equitable or allowed by Louisiana law.

Respectfully submitted:

FRISCHHERTZ, POULLIARD, FRISCHHERTZ, & IMPASTATO, LLC

______________________________
DOMINICK F. IMPASTATO, III (29056)
1130 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 523-1500
Facsimile: (504) 581-1670
Email: Dominick@fpfi-law.com
***Attorneys for Plaintiffs***

**PLEASE SERVE:**

**ENSCO OFFSHORE COMPANY**
Through its registered agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816